# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JOSE H RUIZ RAMOS and FRANCISCO ZEPEDA RAMOS, | )<br>)<br>) No. 2:18-cv-02942 |
| Plaintiffs, | )<br>) |
| | ) **ORDER** |
| vs. | )<br>) |
| STONE FORESTRY SERVICES, INC. and RANDY STONE, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

This matter comes before the court on defendants Stone Forestry Services, Inc. ("Stone Forestry") and Randy Stone's ("defendants") partial motion to dismiss. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Plaintiffs Jose H. Ruiz Ramos ("Jose") and Francisco Zepeda Ramos ("Francisco") ("plaintiffs") are both Mexican nationals who were admitted to the United States as temporary guest workers under 8 U.S.C. § 1101(a)(15)(H)(ii)(b) ("H-2B"). Plaintiffs were recruited by defendants under the H-2B temporary guest worker program for the 2015-2016, 2016-2017, and 2017-2018 reforestations seasons to help Stone Forestry with planting tree seedlings, thinning young trees, and gathering and baling pine straw in Colleton County, South Carolina.[1] According to plaintiffs, and presuming all of the facts alleged in the complaint to be true for the purposes of this motion to dismiss, defendants relied on Juan Campos Guzman to hire and recruit them and other H-2B guest

---

[1] While defendants employed Francisco for all three seasons, Jose only worked for Stone Forestry for the 2017-2018 reforestation season.

workers for defendants' forestry-related activities across the southeast United States. Defendants provided plaintiffs with a small housing facility that was overcrowded and not in compliance with applicable health and safety standards. The drivers hired by defendants to transport plaintiffs and other workers did not have valid licenses, and the vehicles they drove were not covered by insurance. Plaintiffs also regularly worked over forty hours in a workweek, but defendants failed to pay them at 1.5 times their regular rate for the overtime work. The wage statements that defendants provided to plaintiffs did not accurately reflect the hours worked or the amount of piece rate work they performed. Finally, defendants failed to provide or pay for plaintiffs' return transportation to Mexico.

On October 30, 2018, plaintiffs filed suit against defendants alleging violations of the Migrant and Seasonal Agricultural Protection Act ("AWPA"), 29 U.S.C. §§ 1801, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, and the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code §41-10-10, et seq. On January 11, 2019, defendants filed the instant motion to dismiss for failure to state a claim. ECF No. 11. On January 30, 2019, plaintiffs filed their response in opposition. ECF No. 14. On February 6, 2019, defendants filed their reply. ECF No. 16. On February 17, 2019, plaintiffs filed their sur reply. ECF No. 17.

## II.  STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . .

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.  DISCUSSION

Defendants ask the court to dismiss plaintiffs' AWPA claims, arguing that plaintiffs cannot be found to have engaged in agricultural employment under the AWPA because they were brought to the United States on an H-2B visa as temporary non-agricultural workers. Defendants also argue that the AWPA categorically excludes all workers in the United States under H-2 visas. ECF Nos. 11 at 7–8, 16 at 2. The court disagrees with both arguments.

The AWPA provides certain protections for those engaged in "agricultural employment," which it defines as

> employment in any service or activity included within the provisions of section 3(f) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(f)), or section 3121(g) of Title 26 and the handling, planting, drying, packing, packaging, processing, freezing, or grading prior to delivery for storage of any agricultural or horticultural commodity in its unmanufactured state.

29 U.S.C. § 1802(3). Thus, there are three possible definitions of agricultural employment under AWPA: (1) employment as defined by 29 U.S.C. § 203(f) in accordance with the FLSA; (2) employment as defined by 26 U.S.C. § 3121(g) in accordance with the Internal Revenue Code; and (3) "the handling, planting drying packing, packaging, processing, freezing or grading prior to delivery for storage of any agricultural or horticultural commodity in its unmanufactured state." Id. Plaintiffs concede that their forestry work does not fall under either of the first two definitions of agricultural work, but argue that "their work is encompassed within the third definition of the [AWPA], because they were engaged in activities involving the handling, planting, and processing of agricultural and horticultural commodities in their unmanufactured state." ECF No. 14 at 3.

Defendants argue that, regardless of this definition, plaintiffs cannot be considered agricultural workers for AWPA purposes because they were admitted to the United States as H-2B workers "to perform other temporary service or labor." 9 U.S.C. § 1101(a)(15)(H)(ii)(b). Defendants contend that, because the Department of Labor ("DOL") chose not to give them an H-2A visa, which is reserved for temporary agricultural laborers pursuant to 9 U.S.C. § 1101(a)(15)(H)(ii)(a) ("H-2A"), then the DOL did not define plaintiffs' work as agricultural. As such, defendants reason,

4

plaintiffs cannot now be considered to have engaged in agricultural work for purposes of a suit under the AWPA. Further, defendants argue that H-2 foreign guest workers are categorically excluded from obtaining relief under the AWPA. Defendants engage in a lengthy statutory analysis, comparing various versions of the AWPA throughout the last fifty years to support their argument that Congress intended to exclude claims by temporary migrant workers with H-2B visas such as plaintiffs. However, their well-constructed arguments are undermined by a substantial number of cases in which courts have (1) adjudicated AWPA claims brought by H-2B visa holders, and (2) found that forestry work qualifies as agricultural work under the AWPA.

In Morante-Navarro v. T&Y Pine Straw, Inc., 350 F.3d 1163 (11th Cir. 2003), the Eleventh Circuit considered whether several H-2B temporary workers qualified as agricultural workers under the AWPA. The court found that their work of clearing land, raking and gathering pine straw, and compressing the straw into bales constituted agricultural work under the AWPA. Morante-Navarro, 350 F.3d at 1166–68. Specifically, the court found that, even though their pine straw work did not qualify as agricultural work under the FLSA because it was not performed on a traditional farm, their work fell within the AWPA's third definition of "agricultural employment," because "plaintiffs were clearly 'handling' pine straw," which was an "agricultural or horticultural commodity." Id. at 1167. First, the court emphasized that the "AWPA is a remedial statute and should be construed broadly to effect its humanitarian purpose." Id. at 1167. The Court viewed the developments in the AWPA over the years as Congress's intent to "expand[] coverage to include additional activities not previously protected by" prior versions of the Act. Id. at 1168. "Furthermore, the AWPA added the third definition of

'agricultural employment,' which applies to certain activities regardless of their location." Id. The court definitively concluded that "this expanded definition of 'agriculture' encompasses the raking, gathering, baling, and loading of pine straw." Id.; see also De Leon-Granados v. Eller & Sons Trees, Inc., 497 F.3d 1214, 1216–21 (11th Cir. 2007) (finding that H-2B temporary foreign workers employed by forestry company were entitled to bring an AWPA claim in addition to their FLSA claim); Donaldson v. U.S. Dep't of Labor, 930 F.2d 339, 342 (4th Cir. 1991) (finding that the complaint brought by H-2 workers alleged valid claims under the AWPA, as "[s]ection 504 of []AWPA expressly creates a private federal right of action for '[a]ny person aggrieved by a violation of [the Act] or any regulation under [the Act] by a farm labor contractor, agricultural employer, agricultural association, or other person . . . ." ); Bracamontes v. Weyerhaeuser Co., 840 F.2d 271, 276 (5th Cir. 1988) ("Today we hold that Congress intended that agricultural employment include forestry operations even when not performed on a traditional farm."); Bresgal v. Brock, 843 F.2d 1163, 1165 (9th Cir. 1987) ("answering in the affirmative the question "Does the Migrant and Seasonal Agricultural Worker Protection Act apply to migrant and seasonal commercial forestry workers?"); Rosiles-Perez v. Superior Forestry Serv., Inc., 250 F.R.D. 332, 334 (M.D. Tenn. 2008) ("Plaintiffs entered this country under the H-2B temporary foreign worker visa program, for the purpose of employment with SFSI[, a company engaged in reforestation], as agricultural workers."); Recinos-Recinos v. Express Forestry, Inc., 233 F.R.D. 472 (E.D. La. 2006) (certifying a class action for an AWPA case brought by H-2B temporary foreign workers).

Thus, the court finds that plaintiffs may pursue their claims under the AWPA.

## IV.  CONCLUSION

Based on the foregoing reasons, the court denies the partial motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 13, 2019
Charleston, South Carolina**